IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CARTRETTE,                    :        CIVIL ACTION NO. **3:CV-14-0776**
                                   :
            Petitioner             :        (Judge Kosik)
                                   :
            v.                     :        (Magistrate Judge Blewitt)
                                   :
COMMONWEALTH OF                    :
PENNSYLVANIA, et al.,              :
                                   :
            Respondents            :


**REPORT AND RECOMMENDATION**

**I. Background.** _____

On April 16 2014, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  The petition presents grounds attacking his October 20, 2003 sentence imposed for the conviction.  The sentence was imposed by the Court of Common Pleas of Adams County (the "CCP").  On May 21, 2014, Petitioner filed a Motion to Proceed *in forma pauperus*. (Doc. 6).  On June 6, 2014, we issued an Order pursuant to *U.S. v. Miller*, 197 F. 3d 644 (3d Cir. 199) and *Mason v. Meyers*, 208 F. 3d 414 (3d Cir. 2000), directing Petitioner to complete and file the attached Notice of Election.  (Doc. 9).  Petitioner filed his completed Notice of Election on June 24, 2014, and elected to have his habeas petition ruled on as filed. (Doc. 9).

Petitioner challenges his August 23, 2012 Intermediate Punishment Program ("IPP") revocation and sentence  for a conviction under the Controlled Substance, Drug, Device & Cosmetic Act in the Adams County, Pennsylvania, Court of Common Pleas.  In his Habeas Petition, Petitioner raises the following ineffective assistance of counsel claims: (1) Counsel was ineffective

for failing to seek the appropriate credit for time served for the IPP; (2) Counsel was ineffective for failing to have a detainer resolved while Petitioner was in the Maryland State Prison; (3) Counsel was ineffective because "original Judge back in 2003 stated 'if I violated IPP I could get up to 1-2 yrs. For each charge'"; and (4) Counsel was ineffective because the maximum sentence is longer than the minimum.  (Doc. 1, pp. 7-8).

Significantly, we obtained a copy of Petitioner's Criminal Docket in his Adams County CCP case at the website of http://ujsportal.pacourts.us.  We take judicial notice of the Adams County CCP Docket No. CP-01-CR-0000515-2003.   Petitioner's Docket indicates that he pled guilty on October 20, 2003 under the Controlled Substance, Drug, Device & Cosmetic Act, 35 §780-113 §§ A30.  On March 11, 2004, Petitioner was sentenced to the Intermediate Punishment Program ("IPP").   On August 23, 2012, Petitioner's sentence to IPP was revoked and Petitioner was sentenced to a term of imprisonment.  The CCP denied the Petitioner's post-sentence motion on September 5, 2012 and on September 21, 2012, a notice of appeal was filed with the Superior Court of Pennsylvania.  On July 10, 2013, Petitioner filed a Post Conviction Relief Act ("PCRA") Petition.  On July 31, 2013, the CCP dismissed Petitioner's PCRA without prejudice on the grounds that Petitioner's Superior Court appeal was still pending.  On February 3, 2014, the Superior Court affirmed the judgment of sentence.  Petitioner's sole issue for appeal was "[w]hether it was an abuse of discretion to sentence Appellant [Petitioner] to one and a half (1 ½) years to five (5) years in state prison on his first IPP revocation." (Doc. 10, Brief for Appellant, p. 6).

The Docket does not indicate that Petitioner filed a Petition for allowance of appeal in the Supreme Court after the Superior Court's decision or that he re-filed his PCRA in the Adams County CCP.  Petitioner filed the instant habeas petition on April 16, 2014.[1]

We find Petitioner's instant claims have not yet been exhausted in the state courts.[2]  *See Bracey v. Lamas*, Civil No. 11-1823, M.D. Pa. (10-31-11 Order).

## II. Discussion.

It is clear from the face of the Habeas Petition and the state court documents Petitioner provided regarding exhaustion (Doc. 10) that Petitioner has failed to exhaust his four present habeas claims and Petitioner has procedurally defaulted on those claims.

As noted above, Petitioner's direct appeal to the Pennsylvania Superior Court raised the following issue:

> Whether it was an abuse of discretion to sentence Appellant [Petitioner] to one and a half (1 ½) years to five (5) years in state prison on his first IPP revocation.

(Doc. 10, Brief for Appellant, p. 6).

In his Habeas Petition, Petitioner raises the following issues:

---

[1]Since the Habeas Petition was signed by Petitioner on April 16, 2014 (Doc. 1, p. 7), under the prison mailbox rule, we construe Petitioner's instant Petition as being filed on that date.  *See Bond v. VisionQuest*, 410 Fed.Appx. 510 (3d Cir. 2011).

[2] The habeas statute requires a prisoner to exhaust his claims in state court before seeking relief from federal courts.  28 U.S.C. § 2254(b)(1)(A); *see also Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir. 1990).  It is well settled in the Third Circuit that the Court has discretion to raise procedural issues, such as exhaustion of state court remedies, in habeas cases, and it may do so *sua sponte*.  *See Sweger v. Chesney*, 294 F.3d 506, 520-521 (3d Cir. 2002), *cert. denied*, 538 U.S. 1002 (2003);  *Holden v. Mechling*, 2005 WL 1219860 (3d Cir.).

(1) Counsel was ineffective for failing to seek the appropriate credit for time served for the IPP;

(2) Counsel was ineffective for failing to have a detainer resolved while Petitioner was in the Maryland State Prison;

(3) Counsel was ineffective because "original Judge back in 2003 stated 'if I violated IPP I could get up to 1-2 yrs. For each charge'"; and

(4) Counsel was ineffective because the maximum sentence is longer than the minimum.

(Doc. 1, pp. 7-8).

In *Myers v. Warden of SCI-Albion*, 2010 WL 1838178, *3 (M.D. Pa. 5-6-10), the Court stated:

> As a general rule, a state prisoner must exhaust available state court remedies before seeking habeas relief in federal court. 28 U.S.C. §§ 2254(b), (c); *Cone v. Bell*, 556 U.S. ----, ----, 129 S.Ct. 1769, 1780, 173 L.Ed.2d 701 (2009); *Rose v. Lundy*, 455 U.S. 509, 515-20, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir.1993); *Gibson v. Scheidemantel*, 805 F.2d 135, 138 (3d Cir.1986). "Unless it would be patently futile to do so [state prisoners] must seek relief in state court before filing a federal habeas petition ...." *Santana v. Fenton*, 685 F.2d 71, 77 (3d Cir.1982).FN5 The exhaustion requirement "is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights." *Gibson*, 805 F.2d at 138.

> > FN5. Exceptions to the exhaustion requirement are made when: (1) the state corrective process is so deficient as to render any effort to obtain relief futile, 28 U.S.C. § 2254(b); (2) acts of state officials have, in effect, made state remedies unavailable to the petitioner, *Mayberry v. Petsock*, 821 F.2d 179, 184 (3d Cir.1987); or (3) "inordinate delay" in state proceedings has rendered state remedies ineffective. *Story v. Kindt*, 26 F.3d 402, 405 (3d Cir.1994); *Schandelmeier v. Cunningham*, 819 F.2d 52, 55 (3d Cir.1986).

> To satisfy the exhaustion requirement, a federal habeas petitioner must

have presented the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *see also Holloway v. Horn,* 355 F.3d 707, 714 (3d Cir.2004). The exhaustion requirement is satisfied if a petitioner's claims are either presented to the state courts directly on appeal from the judgment of sentence, or through a collateral proceeding, such as a PCRA petition. *Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984). It is not necessary for a petitioner seeking federal habeas relief to present his federal claims to state courts *both* on direct appeal *and* in a PCRA proceeding. *Id.* However, a petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c); *Castille v. Peoples,* 489 U.S. 346, 350, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). The petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *Lines v. Larkins,* 208 F.3d 153, 159 (3d Cir.2000) (citing *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d. Cir.1997)).

The *Myers* Court then addressed procedural default of habeas claims and stated:

> "[I]f [a] petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred ... there is procedural default for the purpose of federal habeas ...." *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999). A federal court can reach the merits of procedurally defaulted claims only if the petitioner demonstrates either "cause and prejudice" in connection with the procedural default, or that a fundamental miscarriage of justice would result if his claim was not reviewed. *See Edwards v. Carpenter,* 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000); *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001); *Lines,* 208 F.3d at 166.

> Although the issue is best addressed by the state courts, a federal court may dismiss a petition as procedurally barred if state law would unambiguously deem it defaulted. *See Carter v. Vaughn,* 62 F.3d 591, 595 (3d Cir.1995). Similarly, procedural default occurs when a petitioner presented the claim the state system, but the state court refuses to address the claim on the merits because of "a state-law ground that 'is independent of the federal question and adequate to support the judgment.' " *Cone,* 129 S.Ct. at 1780 (quoting Coleman, 501 U.S. at 729). The purpose of the procedural default rule is to prevent habeas petitioners from avoiding the

> exhaustion doctrine by defaulting their claims in state court. *Coleman,* 501 U.S. at 732.

*Id.* at *4.

Petitioner clearly did not raise his four habeas claims before the Pennsylvania Superior Court or in a PCRA Petition. On September 21, 2012, a notice of appeal was filed with the Superior Court of Pennsylvania. On July 10, 2013, Petitioner filed a PCRA Petition. On July 31, 2013, the CCP dismissed Petitioner's PCRA without prejudice on the grounds that Petitioner's Superior Court appeal was still pending. On February 3, 2014, the Superior Court affirmed the judgment of sentence. Petitioner did not file any further appeals or re-file his PCRA Petition. Petitioner's sole issue before the Superior Court was "[w]hether it was an abuse of discretion to sentence Appellant [Petitioner] to one and a half (1 ½) years to five (5) years in state prison on his first IPP revocation." (Doc. 10, Brief for Appellant, p. 6).

Thus, Petitioner has not preserved his claims for federal habeas review. We find that Petitioner has procedurally defaulted his claims presented in his habeas petition. Thus, we will recommend that Petitioner's Habeas Petition **(Doc. 1)** be dismissed without prejudice to re-file it after he exhausts his state court remedies with respect to his claims[3].

---

[3]The amended provisions of 28 U.S.C. § 2244(d)(1) impose limitations on the right to pursue federal habeas relief. The amendments impose a one-year statute of limitations for § 2254 habeas petitions. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). There are four potential starting points for determining when the statute of limitations begins to run. *Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003). Any time devoted to pursuing a properly filed application for state post-conviction relief or other collateral relief is excluded from the limitations period. 28 U.S.C. § 2244(d)(2); *Merritt, supra.*

### III.  Recommendation.

Based on the foregoing, we respectfully recommend that Petitioner's Habeas Petition **(Doc. 1)** be dismissed without prejudice to re-file it after he exhausts his state court remedies with respect to his claims.  We also recommend that Petitioner's *in forma pauperis* Motion **(Doc. 4)** be granted solely for the purpose of filing this action.

<u>**s/ Thomas M. Blewitt**</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: July 18, 2014**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN CARTRETTE, | : | CIVIL ACTION NO. **3:CV-14-0776** |
| | : | |
| Petitioner | : | (Judge Kosik) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, et al., | : | |
| | : | |
| Respondents | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **July 18, 2014**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the
magistrate judge, making his or her own determination on the basis
of that record.  The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with
instructions.

Failure to file timely objections to our foregoing Report and Recommendation
may constitute a waiver of any appellate rights.


                               **s/ Thomas M. Blewitt**
                               **THOMAS M. BLEWITT**
                               **United States Magistrate Judge**

**Dated:   July 18, 2014**